IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4236-M-BN |
| | § | |
| ASC MORTGAGE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M.G. Lynn. For the reasons stated below, the undersigned recommends that Plaintiff Reginald Clark's complaint be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

**Background**

Plaintiff filed his complaint *pro se* on December 2, 2014. *See* Dkt. No. 3. On December 4, 2014, the undersigned entered an order granting Plaintiff's application to proceed in this Court without prepaying fees and costs (the "IFP motion") [Dkt. No. 4] and regarding service, *see* Dkt. No. 6, which began by noting the following:

> Under 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process" for a plaintiff proceeding *in forma pauperis*. *See also* FED. R. CIV. P. 4(c)(3) (the court must "order that service be made by a United States marshal or deputy marshal ... if the plaintiff is

authorized to proceed in forma pauperis under 28 U.S.C. § 1915").

While the Court will relieve Plaintiff of the burden to serve process, "it is [his] responsibility to locate the defendants and submit their addresses to the court." *Shelton v. Michigan Turkey Producers Co-op., Inc.*, No. 1:13cv441, 2014 WL 4388366, at *6 (W.D. Mich. Sept. 5, 2014) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996)); *see also Boyer v. Taylor*, Civil Action No. 06-694-GMS, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("[A] district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process." (citing *Barmes v. Nolan*, 123 F. App'x 238, 249 (7th Cir. 2005))).

Here, Plaintiff provides addresses for the two named defendants in the complaint's certificate of service. *See* Dkt. No. 3 at 14. But the Court will not assume that either address is proper for the completion of service of process. *See Boyer*, 2009 WL 2338173, at *11 ("[I]t is the plaintiffs' responsibility to provide the proper address of the defendants to complete service." (citing *King v. Busby*, 162 F. App'x 669, 671 (8th Cir. 2006) (finding no abuse of discretion where district court failed to complete service of process on a defendant because plaintiff failed to provide a proper address for the defendant))). Therefore, Plaintiff must (1) confirm that the addresses he has provided are proper and (2) submit one properly completed marshal service form, Form USM-285, for each defendant to be served. *See Roth v. Larson*, Civil File No. 06-4574 (MJD/JSM), 2007 WL 274829, at *1 (D. Minn. Jan. 26, 2007) (requiring the same); *see also Colquitt v. Camp*, No. 2:03-cv-1-FtM-29SPC, 2006 WL 2792894, at *9 (M.D. Fla. Sept. 27, 2006) ("While the Court is responsible for assisting *pro se* litigants proceeding *in forma pauperis* with service of process, the Court cannot meet this responsibility when a plaintiff fails to provide the Court with a valid address for a defendant." (citations omitted)).

Dkt. No. 6 at 1-2.

The undersigned then requested that the Clerk of Court send the order to Plaintiff along with two blank Form USM-285 forms and directed Plaintiff to complete the forms and return them to the Court no later than January 5, 2015. *See id.* at 2-3. Plaintiff was then cautioned that if he did "not satisfy this requirement by that date, 'he will be deemed to have abandoned his action, and it will be recommended that the

case be dismissed, without prejudice, for lack of prosecution.'" *Id.* at 3 (quoting *Roth*, 2007 WL 274829, at *1 (citing FED. R. CIV. P. 41(b))).

The undersigned further advised Plaintiff that

> if proper service is not made within 120 days after the complaint was filed, this case is subject to dismissal without prejudice unless Plaintiff shows good cause for a failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); *see also Hancock v. Cothern*, Civil Action No: 3:10-CV-173-LRA, 2010 WL 4665567, at *2 n.12 (S.D. Miss. Nov. 9, 2010) (advising plaintiff that it was his "ultimate responsibility to find a current address for [the defendant]" and that "[t]he failure to have [the defendant] served may result in the dismissal of the Complaint against him").

*Id.* at 3.

The Court never received completed Form USM-285 forms, as ordered.

But it appears that Plaintiff may have provided at least one of those forms to the United States Marshal because a USM process receipt [Dkt. No. 7] – reflecting that Plaintiff provided an address in Des Moines, Iowa for service as to Defendant ASC Mortgage and that the State of Iowa was served as to this defendant – was docketed on January 27, 2015. In light of this effort, on April 14, 2015 – shortly after the Rule 4(m) deadline of April 1, 2015 – the undersigned ordered Plaintiff to show cause no later than April 29, 2015 to explain why he has failed to timely and properly effect service. *See generally* Dkt. No. 8; *see also id.* at 4 (explaining that such "failure may be excused – and the deadline to serve your complaint may be extended – if you can make a sufficient showing of good cause. That means you must file a response to this order to explain how you attempted to comply with the Court's previous order no later than

**April 29, 2015**. If you do not, the undersigned will recommend that your lawsuit be dismissed without prejudice for failure to prosecute and obey court orders, pursuant to Federal Rule of Civil Procedure 41(b).").

It is now some three weeks after the deadline – and some seven weeks after the Rule 4(m) deadline and almost four months since Plaintiff last showed any effort to prosecute his lawsuit, as evidenced by the USM receipt docketed January 27, 2015.

**Legal Standards**

After providing notice, a district court may dismiss a case *sua sponte* without prejudice pursuant to Rule 4(m) for failure of a plaintiff to effectuate service on defendants within 120 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12–CV–01036–M (BF), 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (respectively citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

A district court also has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone*

*Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

**Analysis**

Because Plaintiff has failed to properly effect service within 120 days of filing his complaint, and because the Court has twice notified Plaintiff that the failure to do so will subject his complaint to dismissal under Rule 4(m), *see* Dkt. Nos. 6 & 8, the Court should dismiss this action without prejudice under Rule 4(m).

Further, Plaintiff has failed to comply with the Court's orders [Dkt. Nos. 6 and 8]. By not complying with those orders, Plaintiff has prevented this action from proceeding. Thus, he has failed to prosecute his lawsuit and obey the Court's orders. As this Court has long recognized, Rule 41(b) dismissal of a lawsuit without prejudice is warranted under such circumstances. *See, e.g.*, *Abdul-Rahman v. Bank of America*, No. 3:14-cv-2365-M-BN, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (citing *Wiggins v. Management & Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003); *Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009)).

The undersigned further concludes that lesser sanctions would be futile. The

Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

This case should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). But if Plaintiff responds to the Court's last order [Dkt. No. 8] by filing a response to that order to explain how he attempted to comply with the Court's previous order concerning service of his complaint [Dkt. No. 6] within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE